```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION


TANDELYN ALDRIDGE              ]
     Plaintiff,                 ]
                                ]
v.                              ]     No. 3:13-0843
                                ]     Judge Trauger
DR. WILLIAM STEWART, et al.     ]
     Defendants.                ]
```

# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Tennessee Prison for Women in Nashville. She brings this action pursuant to 42 U.S.C. § 1983 against Drs. William Stewart and Paul Somers, physicians at the Tennessee Prison for Women (TPW); Linda Hill, a nurse practitioner at TPW; Corizon Healthcare, a private company under contract to provide medical care for TPW inmates; and the Tennessee Prison for Women; seeking damages.

On December 8, 2012, the plaintiff slipped in some water and "felt something snap". She was taken to the infirmary where Dr. Steward ordered an x-ray of the plaintiff's foot. She remained in the infirmary for five days.

A month later, Dr. Stewart told the plaintiff that she had ruptured the Achilles tendon in her right foot. The plaintiff's condition has worsened and she now believes that she has been denied adequate medical care in violation of her constitutional

rights.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived her of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

According to the complaint, the plaintiff's foot has been examined by at least six physicians, some of which are orthopedic specialists. The plaintiff's foot has been x-rayed on more than one occasion and she has been prescribed medication for pain. The plaintiff has been issued a boot for the injured foot and crutches. In addition, she has been issued a limited activity notice (LAN) and has been to an outside hospital for physical therapy. From this information, it does not appear that the defendants have been deliberately indifferent to the plaintiff's serious medical needs. Instead, this dispute is simply a disagreement over the adequacy of the care being provided by the defendants.

When a prisoner has received some medical attention and her claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill

v.Jones, 211 F.3d 1269 (6th Cir.2000). The plaintiff's primary complaint is that "they waited too long to fix my foot." Such a claim suggests that the defendants were negligent in their care of the plaintiff's injury. But medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, she has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge